[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10815
Non-Argument Calendar

_____

D. C. Docket No. 06-04816-CV-S

JEFF GREER,

Plaintiff-Appellant,

versus

BIRMINGHAM BEVERAGE COMPANY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 3, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Lawrence Jeffrey Greer, an African-American male, appeals, through counsel, the district court's entry of summary judgment for his former employer Birmingham Beverage Company, Inc. ("BBC") on his claims of racial discrimination brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §§ 1981, 2000e-2(a). Greer argues that BBC discriminated against him by failing to promote him and later by terminating him.

## I.  FAILURE TO PROMOTE

Greer argues he established a *prima facie* case of discrimination for BBC's failure to promote him to an area sales manager position. He argues he was objectively qualified for the position because of his previous management experience, extensive sales experience, and he outperformed as a route salesperson Tommy Burton, a Caucasian, whom BBC promoted to the position. He argues BBC used subjective criteria to fill the position. Greer also argues BBC's reason for not promoting him because of his performance problems was pretextual. He argues his supervisors testified that he had performed well, and BBC moved him to a new route as a promotion and not because of performance problems. He also argues he had fewer performance problems than Burton.

"We review a district court's grant of summary judgment *de novo*, viewing the record and drawing all inferences in favor of the non-moving party." *Fisher v.*

2

*State Mut. Ins. Co.*, 290 F.3d 1256, 1259-60 (11th Cir. 2002). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotation omitted). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1580 (quotation omitted). "All evidence and reasonable factual inferences therefrom must be viewed against the party seeking summary judgment." *Id.* (citation omitted).

When considering a Title VII motion for summary judgment involving circumstantial evidence, the district court analyzes the case using the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). The *McDonnell Douglas* burden-shifting framework is also used by courts to analyze claims of indirect evidence of racial employment discrimination. *Holifield v. Reno*, 115 F.3d 1555, 1564-66 (11th Cir. 1997).

Under *McDonnell Douglas*, the plaintiff bears the initial burden of

presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his *prima facie* case. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. If a *prima facie* case is established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. *Id.* at 411 U.S. at 802-03, 93 S. Ct. at 1824. If articulated, the plaintiff must show that the defendant's reason was pretextual. *Id.* at 804, 93 S. Ct. at 1825. The employer's articulated reason is legitimate as long as it is honestly and reasonably held. *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470-71 (11th Cir. 1991).

To establish a *prima facie* case of failure to promote under Title VII, a plaintiff must demonstrate that: "(1) he . . . belonged to a protected class; (2) he . . . was qualified for and applied for a position that the employer was seeking to fill; (3) despite qualifications, he . . . was rejected; and (4) the position was filled with an individual outside the protected class." *Vessels v. Atlanta Independent School System*, 408 F.3d 763, 768 (11th Cir. 2005) (citation omitted). When the employer does does not formally announce the position, "a plaintiff need not show under the second prong that he applied for the position - only that the employer had some reason to consider him for the post." *Id.* To show he was qualified, a plaintiff need only show that he "satisfied an employer's objective qualifications." *Id.* at 769.

4

Subjective qualifications are evaluated at the pretext stage of the inquiry. *Id.* When analyzing pretext, we will not second-guess an employer's "honest assessment" of a person's qualifications. *Cooper v. Southern Co.*, 390 F.3d 695, 730 (11th Cir. 2004). A claim under 42 U.S.C. § 1981 requires intentional race discrimination, and the test is "the same as the formulation used in Title VII discriminatory treatment cases." *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991) (citation omitted). "[S]ummary judgment against the plaintiff is appropriate if he fails to satisfy any one of the elements of a *prima facie* case." *Turlington v. Atlanta Gas Light Co.*,135 F.3d 1428, 1433 (11th Cir. 1998) (ADEA context).

If a plaintiff makes a *prima facie* showing of discrimination, and the employer offers a legitimate, nondiscriminatory reason for the employment action, the plaintiff must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were pretextual. *Holifield*, 115 F.3d at 1565. To show pretext, the plaintiff must present sufficient evidence "to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir.1997). Conclusory allegations, without more, are insufficient to show pretext. *Mayfield v. Patterson*

*Pump Co.*, 101 F.3d 1371, 1376 (11th Cir.1996) (quotation omitted). Instead, the plaintiff must meet the proffered reason "head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

We conclude from our review of the record that the district court did not err in granting summary judgment for the failure to promote, as Greer was not qualified for the position and, therefore, failed to establish a *prima facie* case. Although Greer never applied for the area sales manager position, he did not need to apply, as BBC considered everyone for the position. The objective qualifications for the position were previous grocery store experience, previous leadership and management skills, and detailed attention to the employee's current position. Greer lacked the requisite detailed attention, as shown by his numerous problems as a route salesperson, his only management experience involved four people ten years before the position became open, and he had no grocery store experience. Moreover, the person actually promoted had extensive grocery management experience, and Greer did not show that BBC's reason for promoting the other person based on his prior experience was pretextual.

## II. TERMINATION

Greer argues he established a *prima facie* case of race discrimination in his termination claim. He argues the district court erroneously read the "similarly situated" requirement for comparators too narrowly by requiring identical conduct. Greer argues the court should have looked to the nature of the conduct, as the test requires only similar conduct. He argues the correct comparison would be with employees who had repeated incidences of insubordination and whose issues raised serious questions about the time and attention they were devoting to the job. He identifies BJ Smith, Ross Housh, and Tommy Burton, as comparators. He argues these Caucasian employees had behavior at least as bad as his behavior, yet BBC did not fire them. Greer also argues that BBC's articulated reason for firing him was pretextual. He argues BBC treated the Caucasian comparators more favorably for identical or worse conduct, and the evidence showed Greer was satisfactorily performing his duties.

> The standards set forth above apply to this claim as well. In addition,
>
> in cases involving alleged racial bias in the application of discipline for violation of work rules, the plaintiff . . . must show either (a) that he did not violate the work rule, or (b) that he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct.

*Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989). The plaintiff and the

7

comparators must be "similarly situated in all relevant respects . . . . [and] it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Holifield*, 115 F.3d at 1562. "[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999); *see Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 n.2 (11th Cir. 2006) (resolving intra-circuit split). An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984).

After reviewing the record, we conclude that the district court did not err in granting summary judgment on the termination claim because Greer failed to identify sufficiently similar comparators or show BBC's reason for termination was pretextual. BBC disciplined Greer's comparators only once, if at all, for exceeding their allotted cell phone minutes, and there was no evidence in the record showing by how much his comparators exceeded the limit. Unlike his comparators, BBC disciplined Greer at least twice for excessive cell phone use, and, in the month before his termination, Greer accrued 3,785 cellular minutes.

Whether BBC decided to terminate him for this insubordination or because it believed, even if erroneously, that he could not perform his duties given the amount of time spent on the cell phone, BBC's decision was not motivated by discrimination.

For the above-stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**